35 F.3d 556
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
IN RE SEVEN SPRINGS, INCORPORATED, Debtor.
Maurice Steingold; Jerbam, Incorporated, Plaintiffs-Appellants,
andAnd
Neil Abramson; Chesapeake Golf, L.P., Plaintiffs,
v.
Seven Springs, Incorporated, Defendant-Appellee,
andAnd
United States Trustee, Party in Interest.
 No. 93-2630.
 United States Court of Appeals, Fourth Circuit.
 Argued July 14, 1994.
Decided Aug. 29, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CA-93-586-2, CA-93-597-2, BK-91-25189-T)
 Stephen J. Burgess, Steingold, Burgess & McNally, Virginia Beach, VA, for appellants.
 John F. Cahill, Hazel & Thomas, P.C., Falls Church, VA, for appellee.
 On Brief: Ira M. Steingold, John J. McNally, Steingold, Burgess & McNally, Virginia Beach, VA, for appellants.
 Bruce H. Matson, Otto W. Konrad, Hazel & Thomas, P.C., Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Debtor Seven Springs, Inc. initiated this adversary proceeding in which it sought to quiet title to 52 acres of real property located in Chesapeake, Virginia. In a counterclaim, Maurice Steingold and Jerbam, Inc.[1] (collectively "Steingold") asserted that they and others held a security interest in the property. The bankruptcy court denied Steingold's counterclaim and granted Seven Springs the declaratory and injunctive relief it requested. Steingold appeals the district court's order affirming the decision of the bankruptcy court. We affirm the district court's decision.
 
 
 2
 The property at issue was originally purchased as part of a 464 acre tract of land by the holding company Hodges Trust. Vidco, Inc. contracted with Hodges Trust to purchase the tract and develop it into a residential community with a golf course and country club. Hodges Trust sold Vidco part of the land and granted it options to purchase the remainder of the property in four successive installments. The 52 acre parcel at issue here contains eight holes of the planned golf course. Maurice Steingold, among others, helped Vidco finance the project.
 
 
 3
 When the option to purchase the 52 acre parcel was about to expire, Vidco was experiencing financial difficulties. It explored various financing alternatives, but none proved successful and ultimately the option expired unexercised. Among others, Vidco approached Kennedy Funding, Inc. and Stockbridge Funding, Inc. (Kennedy and Stockbridge) for financing, but Kennedy and Stockbridge refused to loan Vidco the purchase price.
 
 
 4
 Sometime after Vidco's option expired, Hodges Trust sold the 52 acre parcel to Kennedy and Stockbridge by a deed of bargain and sale for $493,000. After acquiring title to the property, Kennedy and Stockbridge granted Vidco a new option to purchase the eight hole parcel at the price of $650,000. In exchange, Vidco gave Kennedy and Stockbridge an option to purchase the parcel of property comprising the clubhouse and the remaining ten holes of the golf course which Vidco had already purchased from Hodges Trust. Vidco also failed to exercise this second option for financial reasons, and eventually filed for bankruptcy. In the course of Vidco's bankruptcy proceedings, Steingold foreclosed on the ten hole parcel. Kennedy and Stockbridge sold the eight hole parcel by deed absolute to Seven Springs, Inc. for $680,000. Seven Springs subsequently filed for bankruptcy under Chapter 11 and brought this action to quiet title to the eight hole parcel.
 
 
 5
 Seven Springs claimed that it owned the property in fee simple,[2] and that neither Vidco nor its creditors had any interest in the property. Steingold counterclaimed, as a creditor on behalf of Vidco, that the fee simple deed transferring the property from Hodges Trust to Kennedy and Stockbridge actually created an equitable mortgage between Vidco as mortgagor and Kennedy and Stockbridge as mortgagee. Steingold argued that although Kennedy and Stockbridge refused to finance Vidco's purchase of the property, it in effect loaned Vidco the money to purchase the property when it bought the parcel and then granted Vidco an option to purchase it. Steingold asserted that because Kennedy and Stockbridge only held an equitable mortgage interest in the property, that was the only interest it had transferred to Seven Springs. Vidco was the equitable owner of the property, according to Steingold.
 
 
 6
 Steingold also argued that Seven Springs and Vidco were commonly owned and controlled by one Andrew Kole, and that Seven Springs was the alter ego of Vidco. He further claimed that the property was subject to an equitable easement requiring its permanent usage as part of the eighteen hole golf course.
 
 
 7
 The bankruptcy court found against Steingold on his counterclaim, holding that (1) the Hodges Trust-Kennedy and Stockbridge transaction had not created an equitable mortgage; (2) Seven Springs was not the alter ego of Vidco; and (3) the property was not subject to an equitable easement.
 
 
 8
 Addressing Steingold's claim that an equitable mortgage had been created, the bankruptcy court began by noting that "[a]n equitable mortgage is a transaction which creates a security irrespective of form or name." Seven Springs, Inc. v. Abramson, No. 92-2030-T (Apr. 14, 1993 E.D. Va.). In the typical situation giving rise to an equitable mortgage, observed the court, Vidco would have taken title to the property directly and then conveyed title to the property to Kennedy and Stockbridge as security for the loan. The bankruptcy court concluded that because there was no underlying debt between Hodges Trust and Kennedy and Stockbridge, a conventional equitable mortgage had not arisen. The bankruptcy court also rejected Steingold's argument that it should recognize, under a variation of traditional equitable mortgage theory, that an equitable mortgage had been created between Vidco and Kennedy and Stockbridge as a result of the Kennedy and Stockbridge-Hodges Trust transaction. The bankruptcy court viewed the fact that Vidco never owned the property as "more than a mere technicality to be assumed away." Id. at 10. Even if an equitable mortgage could be created without the existence of a grantor-grantee relationship, the bankruptcy court concluded that Steingold's evidence was still insufficient to establish the creation of an equitable mortgage. The court found no evidence that Kennedy and Stockbridge knew it was entering into a security arrangement with Vidco, and rejected the argument that Vidco's possession and control of the property were evidence of a mortgagee-mortgagor relationship. Finally, Steingold's argument that the price paid by Kennedy and Stockbridge for the property was inadequate and thus circumstantial evidence of a mortgage also failed, said the court, because Steingold did not introduce sufficient evidence of the value of the property. The bankruptcy court held that neither Steingold nor his related entities had any "legal or equitable interest whatsoever in the Property."
 
 
 9
 As for Seven Springs' alter ego and equitable easement status, the bankruptcy court concluded that Steingold had failed to present sufficient evidence to support either theory.
 
 
 10
 On appeal to the district court, Steingold again argued that Vidco is the equitable owner of the eight hole parcel, that Seven Springs is the alter ego of Vidco, and that the property is subject to an equitable easement by estoppel. The district court affirmed the decision of the bankruptcy court, and Steingold now appeals from that decision. He raises the same arguments before this court as he did below.
 
 
 11
 After careful review of the record, the lower courts' decisions, and the written and oral arguments of counsel, we find no error in the decisions of the bankruptcy court and the district court and accordingly affirm on the opinion of the district court affirming that of the bankruptcy court. Steingold v. Seven Springs, Inc. (In re Seven Springs, Inc.), No. 91-25189-T (E.D. Va. Aug. 5, 1993).
 
 AFFIRMED
 
 
 [1]
 Jerbam is wholly owned by Steingold
 
 
 [2]
 Seven Springs admitted that the property is subject to certain claims, none of which is relevant for our purposes